UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUMAN BODIE,

       Petitioner,

v.                          Case No: 2:12-cv-592-FtM-29CM

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS, Kenneth S.
Tucker and ATTORNEY GENERAL,
STATE OF FLORIDA, Pamela Joe
Bondie,

       Respondents.

_____

## OPINION AND ORDER

### I. Status

Petitioner Luman Bodie (hereinafter "Petitioner" or "Bodie") initiated this action proceeding *pro se* by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. #1, "Petition") challenging his judgment and conviction of burglary armed with a weapon/explosive and sexual battery on a victim less than 12 years of age entered in the Twentieth Judicial Circuit Court, Collier County, Florida, for which he is currently serving a life sentence. Petition at 1; see also Response at 2.  The Petition raises six claims of ineffective assistance of trial counsel.

Respondent[1] filed a Response (Doc. #15, Response) opposing all grounds and attached supporting exhibits (Doc. #19, Exhs. 1-8) consisting of the record on direct appeal and post-conviction pleadings. Respondent argues that Petitioner has not satisfied 28 U.S.C. § 2254(d) (1)-(2). Petitioner filed a Reply (Doc. #22).

For the reasons that follow, the Court concludes that each claim must be denied. Because the Petition can be resolved on the basis of the record, an evidentiary hearing is not warranted. Schriro v. Landrigan, 550 U.S. 465, 473-474 (2007) (finding if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## II. Background and Pertinent Procedural History

On March 17, 2006, Petitioner was charged by an Amended Information of the following two counts: (1) first degree burglary while armed with a dangerous weapon (a knife) in violation of

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" Id. at 435-436. In this case, the proper Respondent is the Secretary of the Florida Department of Corrections. The Florida Attorney General is dismissed from this action.

Florida Statute § 810.02; and (2) sexual battery on a victim under the age of 12 in violation of Florida Statute § 794.011(2). Exh. 4, Vol. VII at 207-208. A two-day jury trial commenced on March 23, 2006. Exh. 4, Vol. VIII. During the trial, DNA evidence that was taken from the victim was introduced confirming that Petitioner's DNA matched the perpetrator's DNA. The jury convicted Petitioner as charged. Exh. 4, Vol. VII at 190. Petitioner was sentenced to a life sentence on the first count, followed by a consecutive life sentence on the second count.

Petitioner, through counsel, pursued a direct appeal. Exh. 1. Florida's Second District Court of Appeal affirmed in part, reversed in part, and remanded only to the extent Petitioner was sentenced as a prison release reoffender, but the State did not meet its statutory burden to prove that he qualified as such. Exh. 4. The appellate court subsequently denied Petitioner's motion for rehearing, rehearing en banc, and for a written opinion. Mandate issued on July 16, 2008.

Petitioner then filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 raising six claims of ineffective assistance of trial counsel. Exh. 5. After a response from the State, the post-conviction court summarily denied Petitioner relief on all claims on May 10, 2011. Exh. 6. Florida's Second District Court of Appeal *per curiam* affirmed on March 30, 2012. Exh. 7.

Petitioner timely filed his § 2254 Petition in this Court on October 23, 2012. <u>See</u> Response at 3 (acknowledging that the Petition is timely filed).

### III.   Applicable § 2254 Law

#### A.   Deferential Review Required By AEDPA

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). <u>Abdul-Kabir v. Quarterman</u>, 550 U.S. 233, 246 (2007); <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001). Consequently, post-AEDPA law governs this action. <u>Abdul-Kabir</u>, 550 U.S. at 246; <u>Penry</u>, 532 U.S. at 792; <u>Davis v. Jones</u>, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that

the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, 562 U.S. 86, 102 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, 47 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)) (recognizing "[c]learly established federal law" consists of the governing

legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012) (internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 562 U.S. at 86. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B.    Ineffective Assistance of Counsel Claims**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).   Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).   Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  Newland, 527 F.3d at 1184.   In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and  (2)  whether  the  deficient  performance  prejudiced  the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Strickland, 466 U.S. at 688; see also Bobby Van Hook,  558 U.S.  4,  8 (2009);  Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 558 U.S. at 9 (internal quotations and citations omitted).  It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny.  Id.  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  An attorney is not ineffective for failing to raise or preserve a meritless issue.  Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client").  "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'"  Chandler v. United States, 218

F.3d 1305, 1313 (11th Cir. 2000) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### IV.  Findings of Fact and Conclusions of Law

The Petition raises six grounds of ineffective assistance of trial counsel.  See Petition.  Grounds One and Six will be addressed separately.  Grounds two through Five will be addressed together to the extent they all raise an issue with defense counsel's failure to investigate certain defenses, or call certain witnesses.  The Court finds all of these grounds for relief were exhausted to the extent they were raised in Petitioner's Rule 3.850 motion and summarily denied based on the record.  See Exh. 7.

### A.  Ground One-ineffective for not explaining Faretta[2]

Petitioner argues that defense counsel rendered ineffective assistance for "misadvising [Petitioner] on [the] definition and requirement of a Faretta hearing."  Petition at 5.  Additionally, Petitioner asserts ineffective assistance stemming from trial counsel's failure to ensure that Petitioner received a Faretta hearing after being told one would be held.  Id.  Respondent argues that to the extent this claim is one of trial court error, the claim is procedurally defaulted because it was not raised on direct appeal, as noted by the post-conviction court.  Response at 10.  Turning to Petitioner's ineffective assistance of counsel

---

[2] Faretta v. California, 422 U.S. 806 (1975).

claim, Respondent points to the post-conviction court's order denying Petitioner relief and argues that the decision was proper. Id.

The record confirms that Petitioner raised this claim as one of ineffective assistance of counsel in his Rule 3.850 motion. See Exh. 7 (ground one of the Rule 3.850 motion). The post-conviction court issued an order denying Petitioner relief on this claim finding as follows:

> [Bodie] alleges ineffective assistance of counsel by failing to properly advise [Bodie] as to the "definition" and the requirements of a Faretta hearing, and for failing to "ensure the Defendant received a Faretta hearing. Motion P. 9. The record reflects that three Nelson hearings were held, at each of which Defendant requested that this trial counsel be discharged. In each instance, it appears that the substance of [Bodie's] complaints stemmed from [Bodie's] continued assertion that he was not the guilty party in the case, and that counsel's failure to actively pursue lines of inquiry that another person committed the crime resulted in "unfair" representation of him. March 15, 2004 Transcript, p. 2-10; October 18, 2004 Transcript, p. 5-8; November 10, 2004 Transcript, p. 5. However, [Bodie] is unable to demonstrate that counsel's failure to pursue this line of investigation would have substantially altered the outcome of the proceedings given the weight of the DNA evidence against him. [Bodie] has failed to demonstrate how counsel was ineffective within the meaning of Strickland. To the extent [Bodie] asserts ineffective assistance of counsel for failing to ensure that he received a Faretta hearing, the Court notes that this is essentially a claim of trial court error which should have been raised on appeal. See

Hix v. State, 881 So. 2d 586, 587 (Fla. 5th DCA 2004).

Petitioner appealed the decision.  Exh. 8.  The appellate court *per curiam* affirmed.  Id.

Initially, a review of the Petition reveals that it solely raises an ineffective assistance of counsel claim, not a trial court error claim.  The Court finds that the Florida court's denial of post-conviction relief did not result in a decision that was "contrary to, or involved an unreasonable application of" Strickland, or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the State court.  Significantly, the post-conviction court determined that Petitioner could not show prejudice based on counsel's actions due to the weight of the evidence against him. See supra at 12.  This Court has no reason to question the reasonableness of the State court's decision based on a review of the record.

Faretta held that implicit with the Sixth Amendment right to counsel is the right to self-representation and that a defendant could not be compelled to accept the assistance of counsel.  422 U.S. at 819, 833-334.  However, when no unequivocal request is made for self-representation, then the result is not contrary to or an unreasonable application of Supreme Court precedent, including Faretta.  See Gamble v. Sec'y Dep't of Corr., 450 F.3d

1245, 1248 (11th Cir. 2006). There is no indication in this record that Petitioner made an unequivocal request to represent himself. See e.g. Petition at 11-16. Instead, as noted by the post-conviction court, Petitioner wanted to discharge counsel and raised issues concerning his defense attorney's representation of him that resulted in three Nelson[3] hearings. Petitioner cannot show that the post-conviction court's order was contrary to or an unreasonable application of Strickland. Absent an unequivocal request to self-representation, defense counsel cannot be deemed to have rendered deficient performance, or caused Petitioner prejudice. See Gamble, 450 F.3d at 1249-50 (discussing ineffective assistance of appellate counsel in failing to raise Faretta issue on direct appeal and noting that when a substantive Faretta argument fails, counsel cannot be faulted). Accordingly, Petitioner is denied relief on Ground One.

B. Grounds Two through Five-Failure to Investigate

In Grounds Two through Five Petitioner faults defense counsel's representation to the extent counsel did not: impeach a neighborhood witness based on the distinction between the terminology "car" and "SUV" (Ground Two); did not to call Tom Fox, the victim's stepfather, as a witness to support the defense theory

---

[3] Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973) (setting forth requirements for a hearing when indigent defendants allege court-appointed lawyers are not rendering effective assistance).

of mis-identity (Ground Three); hire an expert to examine circumstantial evidence found in the victim's room (Ground Four); and subpoena Marco Island Police Department records concerning a license plate check the Department conducted (Ground Five). See generally Petition. In Response to each claim, Respondent maintains that the Florida court's decision did not result in a decision that was contrary to or an unreasonable application of federal law, or a decision that was unreasonable determination of the facts based on the evidence presented. See Response at 12-21.

As previously mentioned, Grounds Two through Five were raised in Petitioner's Rule 3.850 motion and are therefore exhausted. See Exh. 7 (grounds two through five in Rule 3.850 motion). The post-conviction court summarily denied each of the claims as follows:

> In Ground 2, [Bodie] alleges ineffective assistance of counsel by failing to introduce exculpatory evidence that would have refuted testimony given by the State's witness. Specifically, [Bodie] asserts that counsel was ineffective for failing to impeach the witness' description of an unknown rental vehicle that the witness had noted in the neighborhood around the time the battery occurred. The witness identified the unfamiliar vehicle as a white Mitsubishi car; [Bodie] maintains that he rented a white Mitsubish [sic] SUV. The trial transcript reflects that the witness and counsel for both sides referred to the vehicle as a "car" or the "white Misubishi [sic]" interchangeable throughout the witness' testimony without

apparent concern that a distinction be made between the two terms. March 23, 2006 Transcript, p. 92, 95-97, 101-05. To the extent that Defendant asserts ineffective assistance of counsel for failing to make this distinction, [Bodie] is unable to demonstrate that counsel's failure to impeach the witness on this point would have substantially altered the outcome of the proceedings given the weight of the DNA evidence against him.

In Ground 3, [Bodie] alleges ineffective assistance of counsel by failing to subpoena a witness whose testimony would have placed another suspect at the scene of the crime. Specifically, [Bodie] asserts that counsel was ineffective for failing to call the victim's stepfather to the stand to testify to the stepfather's pursuit of an intruder from the victim's room and out onto the street. A suspect was later identified by both the victim and the stepfather, and was initially arrested on these charges. However, he was released and cleared from suspicion once DNA results revealed that he could not have commit the battery. To the extent that [Bodie] claims that counsel failed to p resent potentially exculpatory testimony, the record reflects that this information was brought before the jury. Testimony was elicited at trial that detailed how the other suspect was cleared and how Defendant was implicated by the DNA evidence. March 23, 2006 Transcript, p. 211-16. [Bodie] has failed to demonstrate how counsel was ineffective within the meaning of Strickland.

In Ground 4, [Bodie] alleges ineffective assistance of counsel by failing to hire an expert witness and failing to "build a defense that would have led to [Bodie's] acquittal." Motion, p. 23. Specifically, [Bodie] asserts that trial counsel failed to pursue the investigation of castings of footprints police found outside the victim's door, fingerprints taken from the victim's night light, and semen stains found on the victim's comforter. The

- 14 -

trial transcript reflects that trial counsel presented evidence of the footprints, the fingerprints, and the stains as part of the defense of mistaken identity. March 23, 2006 Transcript, p. 176-80. [Bodie] is unable to demonstrate how the testimony of the circumstantial prints and stains would have substantially altered the outcome of the proceedings given the weight of the DNA evidence against him. [Bodie] has failed to demonstrate how counsel was ineffective within the meaning of <u>Strickland</u>.

To the extent that [Bodie] is claiming that counsel failed to hire an expert witness to dispute or disprove the DNA evidence, the record reflects that trial counsel had requested, and was granted, the appointment of a confidential DNA expert to assist [Bodie] in preparing for trial. A copy of [Bodie's] "Motion Authorizing Appointment of Confidential DNA Expert," filed on January 27, 2004 is attached hereto. In its March 23, 2004 "Order Appointing DNA Expert to Assist Defendant," a copy of which is attached hereto, the Court directed that the reasonable costs of the examinations and reports were to be submitted to and paid by the Office of the Public Defender. A certification of costs, a copy of which is attached hereto, was submitted to the Court by the Public Defender's office on September 10, 2004. [Bodie's] claim is conclusively refuted by the record.

In **Ground 5**, [Bodie] alleges ineffective assistance of counsel by failing to subpoena police records to verify that a line of inquiry had been pursued. Specifically, [Bodie] asserts that counsel was ineffective for failing to verify the license plate check of an unfamiliar white Mistubishi [sic]. However, [Bodie] is unable to demonstrate how counsel's failure to pursue this line of investigation would have substantially altered the outcome of the proceedings given the weight of the DNA evidence against him.

- 15 -

> Defendant has failed to demonstrate how
> counsel was ineffective within the meaning of
> Strickland.

See Exh. 7 (emphasis in original). Petitioner appealed the post-conviction court's order; and the appellate court *per curiam* affirmed. See Exh. 8.

The Court finds that the Florida court's denial of post-conviction relief on Grounds Two through Five did not result in a decision that was "contrary to, or involved an unreasonable application of" Strickland, or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the state court. That a particular line of defense was unsuccessful does not provide ineffective assistance of counsel. Chandler, 218 F.3d at 1314. "Counsel cannot be adjudged incompetent for performing a particular way in a case, as long as the approach taken might be considered sound trial strategy." Id. (quotation marks and citation omitted). The Eleventh Circuit has explained:

> By "strategy," we mean no more than this
> concept: trial counsel's course of conduct,
> that was neither directly prohibited by law
> nor directly required by law, for obtaining a
> favorable result for his client. For example,
> calling some witnesses and not others is "the
> epitome of a strategic decision."

Id. at 1314, n. 14. To the extent Petitioner argues that that defense counsel should have impeached the neighborhood witness who used the term "car" when Petitioner maintained he rented a white,

- 16 -

Mitsubishi "SUV," the record confirms there was no dispute that the rental vehicle identified in the neighborhood was a "white," "Mitsubishi." The witness and both counsel used the terminology car and SUV interchangeably. Based on the foregoing, this Court cannot say that defense counsel's decision not to impeach the witness for using the term "car" was unreasonable under prevailing professional norms. To the contrary, defense counsel's decision represents sound trial strategy. Nor can this Court find that the Florida court applied Strickland unreasonably in reaching its decision that counsel's performance did not prejudice Petitioner. See Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) (citations omitted) (concluding that a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa). Therefore, Petitioner is denied relief on Ground Two.

Turning to ground Three, Petitioner contends that defense counsel should have called the victim's stepfather to testify about his pursuit of the intruder. Significantly, in denying Petitioner relief on this claim, the Florida court noted that evidence was introduced during the trial that the victim and her stepfather initially identified another person as the perpetrator. That suspect was cleared based on the same DNA evidence that convicted Petitioner. Defense counsel's decision not to question Tom Fox about his pursuit of the intruder was not unreasonable under

prevailing professional norms considering evidence about Mr. Fox previously identifying another suspect was introduced into evidence.   The Florida court did not apply Strickland unreasonably in reaching its decision that counsel's performance did not prejudice Petitioner.   Accordingly, Petitioner is denied relief on Ground Three.

Turning to Ground Four, Petitioner faults defense counsel for not developing the fingerprints and shoe casing evidence, and for failing to subpoena the Marco Island Police Department records concerning the license plate check.   "[A] particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments."   Everett v. Sec'y, Fla. Dep't of Corr., ___ F.3d ___, 2015 WL 821211 *34 (11th Cir. 2015)(citations omitted). Petitioner's contentions that defense counsel did not adequately investigate are not supported in the record.   Counsel made a reasonable decision not to pursue the circumstantial evidence of shoe and fingerprints given the weight of the DNA evidence against Petitioner.   Further, as noted by the state court, defense counsel hired an expert to examine the DNA evidence. Additionally, it was not unreasonable for the state court to deny Petitioner relief on his claim that counsel should have subpoenaed the license plate check records from the Marco Island Police Department.   Petitioner maintained that the license check would

have shown that the other suspect owned a white Mitsubishi. However, as previously mentioned DNA evidence exonerated the other suspect. This Court cannot say defense counsel's strategy was unreasonable under prevailing professional norms, or that the Florida court applied <u>Strickland</u> unreasonably. Therefore, Petitioner is denied relief on Grounds Four and Five.

### C. Ground Six- Cumulative Errors

Petitioner argues that "[t]he cumulative effect of trial counsel numerous deficiencies amount of a deprivation of the right to effective assistance of counsel." Petition at 30. In Response, Respondent notes that the Supreme Court has not recognized the cumulative error doctrine in the context of ineffective assistance of counsel claims. Response at 21.

The Court agrees with Respondent's argument. Petitioner has not shown an error of constitutional dimension with respect to any of his unexhausted and now procedurally defaulted ineffective assistance of counsel claims. Thus, Petitioner cannot show that the cumulative effect of the alleged errors deprived him of fundamental fairness in his state criminal proceedings. <u>Morris v. Sec'y Dep't of Corr.</u>, 677 F.3d 1117, 1132 (11th Cir. 2012) (refusing to decide whether post-AEDPA claims of cumulative error may ever succeed in showing that the state court's decision on the merits was contrary to or an unreasonable application of clearly established law, but holding that petitioner's claim of cumulative

error was without merit because none of his individual claims or error or prejudice had any merit); Forrest v. Fla. Dep't of Corr., 342 F. App'x 560, 565 (11th Cir. 2009) (noting absence of Supreme Court precedent applying cumulative error doctrine to claims of ineffective assistance of counsel, but holding that the petitioner's cumulative error argument lacked merit because he did not establish prejudice or the collective effect of counsels' error on the trial). Petitioner is not entitled to habeas relief on his cumulative errors claim.

ACCORDINGLY, it is hereby

ORDERED:

1. The Florida Attorney General is dismissed from this action.

2. The Petition for Writ of Habeas Corpus (Doc. #1) is DENIED.

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28

U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE and ORDERED in Fort Myers, Florida on this 24th day of February, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record

- 21 -